IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LVL PATENT GROUP, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. |
| CISCO SYSTEMS, INC.; AVAYA INC.; AASTRA USA INC.; AUDIOCODES INC.; ALCATEL-LUCENT USA, INC.; MITEL BUSINESS SYSTEMS, INC.; NEC CORPORATION OF AMERICA; SHORETEL, INC.; SIEMENS CORPORATION; TADIRAN TELECOM LTD.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; VERTICAL COMMUNICATIONS, INC. | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

Plaintiff LVL Patent Group, ("LVL") alleges as follows:

## PARTIES

1.      LVL is a Virginia limited liability company with its principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2.      Defendant Cisco Systems, Inc. ("Cisco") is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.  Cisco has appointed The Prentice-Hall Corporation System, Inc., 2711 Centerville Rd., Suite 400, Wilmington, Delaware, DE 19808, as its agent for service of process.

3.      Defendant Avaya Inc. ("Avaya") is a Delaware corporation with its principal place of business located at 211 Mount Airy Road, Basking Ridge, 07920.  Avaya has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801, as its agent for service of process.

4.      On information and belief, Aastra USA Inc. ("Aastra") is a Delaware corporation with its principal place of business in 2811 Internet Boulevard, Frisco, Texas 75034.  Aastra has

appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

5.      On information and belief, AudioCodes Inc. ("AudioCodes") is a Delaware corporation with its principal place of business at 27 Worlds Fair Drive, Somerset, New Jersey 08873.   AudioCodes has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

6.      On information and belief, Defendant Alcatel-Lucent USA Inc. ("Alcatel-Lucent") is a Delaware corporation with its principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974.   On information and belief, Alcatel-Lucent has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its registered agent for service of process.

7.      On information and belief, Defendant Mitel Business Systems, Inc. ("Mitel") is an Arizona corporation with a principal place of business at 7300 West Boston Street, Chandler, Arizona 8522.  Mitel has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

8.      On information and belief, NEC Corporation of America ("NEC") a Nevada Corporation with a principal place of business at 6535 North State Highway 161, Irving, Texas 75039.  NEC has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its agent for service of process.

9.      Defendant Shoretel, Inc. ("Shoretel") is a Delaware corporation with its principal place of business 960 Stewart Drive, Sunnyvale, CA 04085.   Shoretel has appointed C T Corporation System, 818 W 7th Street, Los Angeles, CA 90017 as its agent for service of process.

10.      Defendant Siemens Corporation ("Siemens") a Delaware corporation with a principal place of business at 527 Madison Avenue, 8th Floor, New York, New York, 10022. Siemens has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

11.     Defendant Tadiran Telecom Ltd. ("Tadiran") is a New York corporation with its principal place of business at 265 Executive Dr., Suite 250, Plainview, NY 11803.  Tadiran has appointed Alexander Khesin, 909 West Ivy Hill Road, Woodmere, New York 11598, as its agent for service of process.

12.     Defendant Toshiba America Information Systems, Inc. ("Toshiba") is a California corporation with its principal place of business at 9740 Irvine Boulevard, Irvine, California 92618.  Toshiba has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

13.     Vertical Communications, Inc. ("Vertical") is a Delaware corporation with its principal place of business at 3940 Freedom Circle, Santa Clara, California 95054. Vertical has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

## JURISDICTION AND VENUE

14.     This action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*., including § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

15.     Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed acts of patent infringement in this district, or has a regular and established place of business in this district.

## COUNT I

### (Infringement of U.S. Patent No. 7,334,024)

16.     LVL is the owner by assignment of United States Patent No. 7,334,024 ("the '024 patent"), entitled "System for Transmission of Voice and Data Over the Same Communication Lines."  The '024 patent issued on February 19, 2001.  A true and correct copy of the '024 patent is attached hereto as Exhibit A.

17.    Defendant Cisco has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

18.    Defendant Avaya has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

19.    Defendant Aastra has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

20.    Defendant AudioCodes has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

21.    Defendant Alcatel-Lucent has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

22.    Defendant Mitel has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling,

offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

23.     Defendant NEC has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

24.     Defendant Shoretel has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

25.     Defendant Siemens has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

26.     Defendant Tadiran has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

27.     Defendant Toshiba has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a

data network across a communication line, using an IP phone and network services platform and supporting equipment.

28.     Defendant Vertical has infringed and still is infringing at least claims 16 and 28 of the '024 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

29.     As a result of each defendant's infringement of the '024 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

30.     Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '024 patent, LVL will suffer irreparable harm.

COUNT II

(Infringement of U.S. Patent No. 6,044,382)

31.     LVL is the owner by assignment of United States Patent No. 6,044,382 ("the '382 patent"), entitled "Data Transaction Assembly Server."  The '382 patent issued on March 28, 2000.  A true and correct copy of the '382 patent is attached hereto as Exhibit B.

32.     Defendant Cisco has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

33.     Defendant Avaya has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a

data network across a communication line, using an IP phone and network services platform and supporting equipment.

34.     Defendant Aastra has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

35.     Defendant AudioCodes has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

36.     Defendant Alcatel-Lucent has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

37.     Defendant Mitel has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

38.     Defendant NEC has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

39.     Defendant Shoretel has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

40.     Defendant Siemens has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

41.     Defendant Tadiran has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

42.     Defendant Toshiba has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

43.     Defendant Vertical has infringed and still is infringing at least claims 1 and 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

44.     As a result of each defendant's infringement of the '382 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

45.     Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '382 patent, LVL will suffer irreparable harm.

<u>COUNT III</u>

<u>(Infringement of U.S. Patent No. 5,987,103)</u>

46.     LVL is the owner by assignment of United States Patent No. 5,987,103 ("the '103 patent"), entitled "Telephone/Transaction Entry Device and System for Entering Transaction Data Into Databases." The '103 patent issued on November 16, 1999. A true and correct copy of the '103 patent is attached hereto as Exhibit C.

47.     Defendant Cisco has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

48.     Defendant Avaya has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

49.     Defendant Aastra has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

50.     Defendant AudioCodes has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

51.     Defendant Alcatel-Lucent has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

52.     Defendant Mitel has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

53.     Defendant NEC has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

54.     Defendant Shoretel has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

55.     Defendant Siemens has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling,

offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

56.     Defendant Tadiran has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

57.     Defendant Toshiba has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

58.     Defendant Vertical has infringed and still is infringing at least claims 1 and 18 of the '103 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

59.     As a result of each defendant's infringement of the '103 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

60.     Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '103 patent, LVL will suffer irreparable harm.

## COUNT IV

### (Infringement of U.S. Patent No. 5,805,676)

61.     LVL is the owner by assignment of United States Patent No. 5,805,676 ("the '676 patent"), entitled "Telephone/Transaction Entry Device and System for Entering Transaction Data Into Databases."  The '676 patent issued on September 8, 1998.  A true and correct copy of the '676 patent is attached hereto as Exhibit D.

62.     Defendant Cisco has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

63.     Defendant Avaya has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

64.     Defendant Aastra has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

65.     Defendant AudioCodes has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

66.     Defendant Alcatel-Lucent has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

67.     Defendant Mitel has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

68.     Defendant NEC has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

69.     Defendant Shoretel has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

70.     Defendant Siemens has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

71.     Defendant Tadiran has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling,

offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

72.     Defendant Toshiba has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

73.     Defendant Vertical has infringed and still is infringing at least claims 1 and 16 of the '676 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products and services that transacts data between an IP phone and a data network across a communication line, using an IP phone and network services platform and supporting equipment.

74.     As a result of each defendant's infringement of the '676 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

75.     Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '676 patent, LVL will suffer irreparable harm.

<u>PRAYER FOR RELIEF</u>

LVL prays for the following relief:

1.     A judgment that each defendant has infringed (either literally or under the doctrine of equivalents) one or more claims of the Asserted Patents;

2.     A permanent injunction enjoining each defendants and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the Asserted Patents;

3.     An award of damages resulting from each defendant's acts of infringement in accordance with 35 U.S.C. § 284;

4.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to LVL its reasonable attorneys' fees against each defendant;

5.     A judgment and order requiring defendants to provide an accounting and to pay supplemental damages to LVL, including without limitation, pre-judgment and post-judgment interest; and

6.     Any and all other relief to which LVL may show itself to be entitled.

<u>DEMAND FOR JURY TRIAL</u>

LVL demands a trial by jury on all issues so triable.

September 15, 2011

BAYARD, P.A.

/s/ *Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474
mfenster@raklaw.com

Attorneys for Plaintiff,
LVL Patent Group, LLC