IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYBERFONE SYSTEM, LLC (formerly known as LVL PATENT GROUP, LLC),<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS, INC.; et al.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>) C.A. No. 11-830 (SLR)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

**SHORETEL, INC.'S ANSWER TO CYBERFONE SYSTEMS, LLC'S
FIRST AMENDED COMPLAINT**

ShoreTel, Inc. ("ShoreTel") hereby answers CyberFone Systems LLC's ("CyberFone") First Amended Complaint ("Complaint") as follows:

**PARTIES**

1. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies same.

2. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies same.

3. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies same.

4. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies same.

5. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies same.

6. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

7. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9. ShoreTel admits that it is a Delaware corporation with its principal place of business at 960 Stewart Drive, Sunnyvale, California 94085. ShoreTel admits it has appointed Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901, as its agent for service of process.

10. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies same.

11. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies same.

12. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

13. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies same.

## JURISDICTION AND VENUE

14. ShoreTel admits that the Complaint purports to describe an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. ShoreTel further admits that this Court has jurisdiction over allegations of patent infringement under 28 U.S. C. §§ 1331 and 1338(a).

15. ShoreTel admits that venue is proper in this Court for the purposes of this action under 28 U.S.C. §§ 1391(b)-(d) or 1400(b). ShoreTel denies that it has committed

acts of patent infringement in this district. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 15 of the Complaint and therefore denies the same.

## COUNT I

### (Infringement of U.S. Patent No. 7,334,024)

16. ShoreTel admits that U.S. Patent No. 7,334,024 ("the '024 patent"), attached to the Complaint as Exhibit A, is entitled "System for Transmission of Voice and Data Over the Same Communication Line" and states on its face that it issued on February 19, 2001. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

17. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore denies the same.

18. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 20 of the Complaint and therefore denies the same.

21. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 21 of the Complaint and therefore denies the same.

22. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore denies the same.

23. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24. ShoreTel denies the allegations contained in Paragraph 24 of the Complaint.

25. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore denies the same.

26. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 26 of the Complaint and therefore denies the same.

27. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore denies the same.

28. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 28 of the Complaint and therefore denies the same.

29. ShoreTel denies the allegations contained in Paragraph 29 of the Complaint to the extent the allegations relate to ShoreTel. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 29 of the Complaint and therefore denies the same.

30. ShoreTel denies the allegations contained in Paragraph 30 of the Complaint to the extent the allegations relate to ShoreTel. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 30 of the Complaint and therefore denies the same.

## COUNT II

### (Infringement of U.S. Patent No. 6,044,382)

31. ShoreTel admits that U.S. Patent No. 6,044,382 ("the '382 patent"), attached to the Complaint as Exhibit B, is entitled "Data Transaction Assembly Server" and states on its face that it issued on March 28, 2000. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 31 of the Complaint and therefore denies the same.

32. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

33. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore denies the same.

34. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 34 of the Complaint and therefore denies the same.

35. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 35 of the Complaint and therefore denies the same.

36. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 36 of the Complaint and therefore denies the same.

37. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 37 of the Complaint and therefore denies the same.

38. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 38 of the Complaint and therefore denies the same.

39. ShoreTel denies the allegations contained in Paragraph 39 of the Complaint.

40. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 40 of the Complaint and therefore denies the same.

41. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 41 of the Complaint and therefore denies the same.

42. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 42 of the Complaint and therefore denies the same.

43. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 43 of the Complaint and therefore denies the same.

44. ShoreTel denies the allegations contained in Paragraph 44 of the Complaint to the extent the allegations relate to ShoreTel. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 44 of the Complaint and therefore denies the same.

45. ShoreTel denies the allegations contained in Paragraph 45 of the Complaint to the extent the allegations relate to ShoreTel. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 45 of the Complaint and therefore denies the same.

## COUNT III

### (Infringement of U.S. Patent No. 5,987,103)

46. ShoreTel admits that U.S. Patent No. 5,987,103 ("the '103 patent"), attached to the Complaint as Exhibit C, is entitled "Telephone/Transaction Entry Device and System for Entering Transaction Data Into Databases" and states on its face that it issued on November 16, 1999. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 46 of the Complaint and therefore denies the same.

47. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 47 of the Complaint and therefore denies the same.

48. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 48 of the Complaint and therefore denies the same.

49. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore denies the same.

50. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 50 of the Complaint and therefore denies the same.

51. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 51 of the Complaint and therefore denies the same.

52. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 52 of the Complaint and therefore denies the same.

53. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 53 of the Complaint and therefore denies the same.

54. ShoreTel denies the allegations contained in Paragraph 54 of the Complaint.

55. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 55 of the Complaint and therefore denies the same.

56. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 56 of the Complaint and therefore denies the same.

57. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 57 of the Complaint and therefore denies the same.

58. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 58 of the Complaint and therefore denies the same.

59. ShoreTel denies the allegations contained in Paragraph 59 of the Complaint to the extent the allegations relate to ShoreTel. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 59 of the Complaint and therefore denies the same.

60. ShoreTel denies the allegations contained in Paragraph 60 of the Complaint to the extent the allegations relate to ShoreTel. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 60 of the Complaint and therefore denies the same.

## COUNT IV

### (Infringement of U.S. Patent No. 5,805,676)

61. ShoreTel admits that U.S. Patent No. 5,805,676 ("the '676 patent"), attached to the Complaint as Exhibit D, is entitled "Telephone/Transaction Entry Device and System for Entering Transaction Data Into Databases" and states on its face that it issued on September 8, 1998. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 61 of the Complaint and therefore denies the same.

62. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 62 of the Complaint and therefore denies the same.

63. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 63 of the Complaint and therefore denies the same.

64. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 64 of the Complaint and therefore denies the same.

65. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 65 of the Complaint and therefore denies the same.

66. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 66 of the Complaint and therefore denies the same.

67. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 67 of the Complaint and therefore denies the same.

68. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 68 of the Complaint and therefore denies the same.

69. ShoreTel denies the allegations contained in Paragraph 69 of the Complaint.

70. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 70 of the Complaint and therefore denies the same.

71. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 71 of the Complaint and therefore denies the same.

72. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 72 of the Complaint and therefore denies the same.

73. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 73 of the Complaint and therefore denies the same.

74. ShoreTel denies the allegations contained in Paragraph 74 of the Complaint to the extent the allegations relate to ShoreTel. ShoreTel lacks knowledge or

information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 74 of the Complaint and therefore denies the same.

75. ShoreTel denies the allegations contained in Paragraph 75 of the Complaint to the extent the allegations relate to ShoreTel. ShoreTel lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 75 of the Complaint and therefore denies the same.

## PRAYER FOR RELIEF

ShoreTel denies that CyberFone is entitled to any of the relief requested from ShoreTel in connection with the Complaint.

## AFFIRMATIVE DEFENSES

ShoreTel alleges and asserts the following affirmative defenses in response to the allegations by CyberFone, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST AFFIRMATIVE DEFENSE

CyberFone fails to allege sufficient facts to state a cause of action and fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

ShoreTel has not infringed and is not infringing any valid and enforceable claim of the '024 patent, the '382 patent, the '103 patent, and the '676 patent (collectively, "the asserted patents"), either literally or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of the claims of the asserted patents are invalid under one or more provisions of Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, 112, 120 and/or 256.

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of CyberFone's claims are barred by one or more of the equitable doctrines of waiver, acquiescence, laches, and unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

CyberFone is not entitled to any form of injunctive relief because CyberFone has not suffered, and will not suffer, irreparable harm because of ShoreTel's conduct, CyberFone has an adequate remedy at law, and the balance of hardship and the public interest do not favor injunctive relief.

**SIXTH AFFIRMATIVE DEFENSE**

CyberFone's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

The provisions of 35 U.S.C. §§ 286 and 287 limit CyberFone's claim for damages, if any, against ShoreTel.

**EIGHTH AFFIRMATIVE DEFENSE**

The provisions of 35 U.S.C. § 288 preclude CyberFone's claim for costs, if any, against ShoreTel.

## COUNTERCLAIMS

Defendant and Counterclaimant ShoreTel, Inc. ("ShoreTel") asserts the following Counterclaims against Plaintiff and Counterdefendant CyberFone Systems, LLC ("CyberFone") as follows:

## PARTIES

1. ShoreTel is a Delaware corporation with its principal place of business at 960 Stewart Drive, Sunnyvale, California 94085.

2. Upon information and belief, according to its Complaint, CyberFone is a Virginia limited liability company with a principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. This Court has personal jurisdiction over CyberFone by virtue of the Complaint CyberFone filed in this Court.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400.

6. By its Complaint, CyberFone alleges that U.S. Patent No. 7,334,024 ("the '024 patent"), U.S. Patent No. 6,044,382 ("the '382 patent"), U.S. Patent No. 5,987,103 ("the '103 patent"), and U.S. Patent No. 5,805,676 ("the '676 patent") (collectively, "the asserted patents") are valid and enforceable and that ShoreTel has infringed them. ShoreTel

14

has denied these allegations. A justifiable controversy therefore exists between Plaintiff and Counterdefendant CyberFone and Defendant and Counterclaimant ShoreTel.

7. A judicial declaration is necessary and appropriate at this time in order that ShoreTel may ascertain its rights and duties with respect to the asserted patents.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '024 Patent)**

8. ShoreTel incorporates by reference Paragraphs 1 through 7 of these Counterclaims as set forth above.

9. ShoreTel does not and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '024 patent, either literally or under the doctrine of equivalents.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '024 Patent)**

ShoreTel incorporates by reference Paragraphs 1 through 9 of these Counterclaims as set forth above.

Each claim of the '024 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 120, and 256.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '382 Patent)**

10. ShoreTel incorporates by reference Paragraphs 1 through 11 of these Counterclaims as set forth above.

11. ShoreTel does not and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '382 patent, either literally or under the doctrine of equivalents.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '382 Patent)**

12. ShoreTel incorporates by reference Paragraphs 1 through 13 of these Counterclaims as set forth above.

13. Each claim of the '382 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 120, and 256.

## FIFTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '103 Patent)**

14. ShoreTel incorporates by reference Paragraphs 1 through 15 of these Counterclaims as set forth above.

15. ShoreTel does not and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '103 patent, either literally or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '103 Patent)**

16. ShoreTel incorporates by reference Paragraphs 1 through 17 of these Counterclaims as set forth above.

17. Each claim of the '103 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 120, and 256.

## SEVENTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '676 Patent)**

18. ShoreTel incorporates by reference Paragraphs 1 through 19 of these Counterclaims as set forth above.

19. ShoreTel does not and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '676 patent, either literally or under the doctrine of equivalents.

## EIGHTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '676 Patent)**

20. ShoreTel incorporates by reference Paragraphs 1 through 21 of these Counterclaims as set forth above.

21. Each claim of the '676 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 120, and 256.

## PRAYER FOR RELIEF

ShoreTel respectfully requests that this Court enter judgment in ShoreTel's favor and against CyberFone by granting the following relief:

a) a judgment in favor of ShoreTel denying CyberFone all relief requested in their Complaint in this action and dismissing the Complaint with prejudice;

b) a declaration that ShoreTel does not infringe and has not infringed the '024 patent, the '382 patent, the '103 patent, and the '676 patent;

c) a declaration that the claims of the '024 patent, the '382 patent, the '103 patent, and the '676 patent are invalid;

d) preliminarily and permanently enjoin CyberFone, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert against customers or potential customers of ShoreTel, or users of ShoreTel's products and services, any charge of infringement of the '024 patent, the '382 patent, the '103 patent, and the '676 patent;

e) preliminarily and permanently enjoin CyberFone, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against customers of ShoreTel, or users of ShoreTel's products and services, for alleged infringement of the '024 patent, the '382 patent, the '103 patent, and the '676 patent;

f) a declaration that this case is exceptional under 35 U.S.C. § 285 and an award to ShoreTel of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

ShoreTel hereby demands a jury trial as to all issues triable to a jury.


|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Stephen Kraftschik* |
| | _____ |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Karen Jacobs Louden (#2881) |
| Amr O. Aly | Stephen Kraftschik (#5623) |
| The Grace Building | 1201 North Market Street |
| KILPATRICK TOWNSEND & STOCKTON LLP | P.O. Box 1347 |
| 1114 Avenue of the Americas | Wilmington, DE 19899-1347 |
| New York, NY 10036 | (302) 658-9200 |
| (212) 775-8765 | jblumenfeld@mnat.com |
| | klouden@mnat.com |
| Mitchell G. Stockwell | skraftschick@mnat.com |
| KILPATRICK TOWNSEND & STOCKTON LLP | |
| 1100 Peachtree Street, Suite 2800 | *Attorneys for Shoretel, Inc.* |
| Atlanta, GA 30309 | |
| (404) 815-6214 | |
| | |
| John C. Alemanni | |
| KILPATRICK TOWNSEND & STOCKTON LLP | |
| 1001 West Fourth Street | |
| Winston-Salem, NC 27101 | |
| (336) 607-7311 | |

May 21, 2012

5936396.1