Mᴏʀʀɪꜱ, Nɪᴄʜᴏʟꜱ, Aʀꜱʜᴛ & Tᴜɴɴᴇʟʟ ʟʟᴘ

1201 Nᴏʀᴛʜ Mᴀʀᴋᴇᴛ Sᴛʀᴇᴇᴛ
P.O. Bᴏx 1347
Wɪʟᴍɪɴɢᴛᴏɴ, Dᴇʟᴀᴡᴀʀᴇ 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Kᴀʀᴇɴ Jᴀᴄᴏʙꜱ Lᴏᴜᴅᴇɴ
(302) 351-9227
(302) 425-4681 FAX
klouden@mnat.com

January 28, 2013

*VIA ELECTRONIC FILING*

The Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:  *CyberFone Systems Litigations,* C. A. Nos. 11-827; 11-830; 11-833; 11-834 (SLR)

Dear Judge Robinson:

If the Court construes the claim terms as Defendants propose, summary judgment of noninfringement is proper.  CyberFone effectively concedes this.  *At no point in its response* (C.A. 11-827, D.I. 328) does CyberFone identify a single material fact that would be in dispute or identify any discovery *necessary* to oppose a motion for summary judgment based on the construction proposed by Defendants.  Instead, CyberFone spends almost its entire brief arguing a non-issue, namely that the accused products do not use a "conventional" or "standard" operating system, and that CyberFone needs discovery to prove this, including analysis of source code.[1]  As Defendants explained in their opening brief (C.A. 11-827, D.I. 326 at 5) (emphasis added), whether or not an operating system may be classified as "conventional" or "standard" is irrelevant under Defendants' proposed construction:

> Nor can Plaintiff argue that the accused products do not utilize "conventional" or "standard" operating systems, as Plaintiff suggested it might try to do at the December 10, 2012 conference. *The inventor repeatedly defined his invention— both in the patent specification and during prosecution in the Patent Office—as one that did not include an operating system that ran applications.* The patent claims, as properly construed, cannot cover the accused products.

Conspicuously absent from CyberFone's letter brief is *any* response to the above. CyberFone does not contest that every accused operating system runs application programs. Instead, CyberFone merely argues that Defendants' proposed construction is wrong; not that there are still issues of fact to be resolved, or discovery that is necessary under that construction. Claim construction is an issue of law for the Court to resolve.  If the Court construes the claim terms as Defendants propose, summary judgment of noninfringement necessarily follows.

---

[1] As explained below, CyberFone devotes much of its letter to describing discovery relating to source code that is *entirely unnecessary* when these few claim terms are construed according to the intrinsic record.

The Honorable Sue L. Robinson
January 28, 2013
Page 2

1.   **These cases are ripe for early claim construction and summary judgment.**
As Defendants explained in their opening letter, early claim construction of four terms, all of which embrace the same core concept of the patented invention, would compel summary judgment of noninfringement on nine of the ten asserted claims and for almost all of the Defendants. Defendants' constructions require that each accused product have an operating system that consists of "[f]irmware together with forms that serve as the sole code for controlling a microprocessor, instead of an operating system that runs application programs." All of the accused operating systems, in contrast, run application programs. This is clear from publicly available information, *see, e.g.,* http://www.apple.com/iphone/from-the-app-store/ ("The App Store has the world's largest collection of mobile apps."); and CyberFone's own statements to this Court, *see* 9/20/12 Tr. 68:11-19 (admitting that "[the operating system] Linux is not accused as a form-driven operating system," but that the accused application "sits on top of Linux"). Because CyberFone has not identified, and *cannot* identify, an operating system that does not run application programs in any of the accused devices, summary judgment is appropriate now.

2.   **CyberFone fails to justify its request for full discovery.** CyberFone contends that it needs discovery to understand how the accused operating systems work. According to CyberFone, without expansive discovery (including discovery that would require Defendants to incur the cost and risk of producing their highly confidential source code), there is no way to know whether these operating systems have "significantly less memory and processing power requirements" than "conventional operating systems." CyberFone Letter at 3. This argument altogether ignores Defendants' proposed construction, as well as the inventor's clear statements that the operating system of the claimed invention replaces one that runs application programs. *Regardless* of whether the accused operating systems can be termed "conventional" or "unconventional" and *regardless* of whether they "run[] on a mere 6.5 MB of RAM" or 1 gigabyte, *id.* at 2, the accused operating systems *cannot* infringe under Defendants' proposed construction because they run application programs.

CyberFone does not contest that all of the operating systems it identifies run application programs. Even CyberFone's exhibit describing Windows CE 2.0 establishes that this accused operating system relies on application programs. *See* D.E. 328-1 at 4 (stating that "[t]he familiar Win32® API programming model and recently expanded choice of development tools . . . means millions of developers already have the expertise to create applications for the Windows CE platform."). Nor does CyberFone offer any specific claim construction as an alternative to Defendants' proposed constructions. To the contrary, CyberFone acknowledges that "[t]he invention uses 'a simple form driven operating system in place of the conventional operating system and application programs.'" CyberFone Letter at 3 (citing '676 History, 3/13/1997 Resp. at 18-19) (emphasis omitted). Indeed, the very passages from the patents and prosecution histories to which CyberFone cites confirm that Defendants' construction is correct. *See* Response, D.I. 328 at 3. For example, the patents state that the claimed inventions operate "without the use of a conventional operating system *or application programs*," are used "in place of the conventional operating system *and application programs*," "replace a conventional operating system and individual application programs," and allow for the "elimination of the requirement of a conventional operating system *and the associated application programs*." *Id.*

The Honorable Sue L. Robinson
January 28, 2013
Page 3

In its quotations, however, CyberFone highlights only the references to a conventional operating system, and ignores the language that Defendants have bolded above clearly stating that the claimed inventions operate without "application programs" or an operating system capable of running such application programs. *Id.*

CyberFone appears to suggest that Defendants' proposed constructions fail to appreciate some higher-level purpose for the claimed invention, *i.e.*, a system that is "cheaper, less complex, and requires less memory and processing power to run" than one using a "conventional" or "standard" operating system (*id.* at 3). Although CyberFone does not offer an alternative construction, any construction grounded in these general concepts would not allow CyberFone to continue to assert infringement against accused products, like smartphones, with expensive, complex operating systems requiring gigabytes (GB) of memory and run by powerful, state-of-the-art microprocessors. ***In short, CyberFone does not and cannot offer a concrete alternative claim construction consistent with the intrinsic evidence that would cover the accused products.***

3.      **Early summary judgment and claim construction is the most fair and efficient way to proceed here.** Shortly after Defendants submitted their opening letter, the Federal Circuit issued an opinion that approved the very approach Defendants request here. In *Parallel Networks, LLC v. Abercrombie & Fitch Co.*, -- F.3d --, 2013 WL 163814 (Fed. Cir. Jan. 16, 2013), the Federal Circuit was faced with an appeal from one of four separate cases targeting over a hundred defendants. *Id.* at *1 (internal quotation marks omitted). Rather than wait for the plaintiff to fulfill its "stated strategy of trying to extract an early settlement from as many defendants as possible," the district court allowed an initial *Markman* hearing on three terms in two claims that Defendants had contended would be case dispositive. *Id.* at *2. The court also ordered accompanying summary judgment briefing on those claims. *See id.* After considering the parties' briefs, the district court granted summary judgment of noninfringement for most of the defendants and severed them from the case. *See id.* at *3. Affirming that ruling, the Federal Circuit called this approach "a creative procedure designed to streamline the case." *Id.*

Defendants respectfully request the same opportunity here. CyberFone should not be permitted to use the threat of rising discovery costs (including the costly and highly sensitive review of source code) to induce more and more defendants to take a license to patents they do not practice, *see* CyberFone Letter at 3 ("[D]ozens of defendants have [already] taken licenses to Dr. Martino's patents"). If Defendants' summary judgment motion is granted, all that would remain is one claim of one patent (the '024 patent) asserted against five Defendants (Apple in 11-827 and four Defendants in 11-830).

As a proper construction of four related claim terms would necessarily lead to summary judgment of noninfringement, Defendants request that limited claim construction and summary judgment briefing proceed on a condensed schedule, as proposed in Defendants' December 7, 2012 letter (C.A. 11-827, D.I. 323).

The Honorable Sue L. Robinson
January 28, 2013
Page 4

Respectfully submitted,

Karen Jacobs Louden (#2881)[2]

KJL/bac

---

[2] The defendants joining in this letter are listed on the following pages together with the electronic signature of the counsel who approved the filing of the letter on their behalf.

| Counsel for the 11-827 Defendants | |
|---|---|
| Apple Inc. | /s/ Richard L. Horwitz (#2246)<br>POTTER, ANDERSON & CORROON LLP<br>rhorwitz@potteranderson.com |
| AT&T Mobility LLC | /s/ John G. Day (#2403)<br>ASHBY & GEDDES<br>jday@ashby-geddes.com |
| Boost Mobile LLC,<br>Sprint Spectrum L.P., and<br>Virgin Mobile USA L.P. | /s/ Karen Jacobs Louden (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| Cellco Partnership<br>(d/b/aVerizon Wireless) | /s/ Benjamin J. Schladweiler (#4601)<br>SEITZ ROSS ARONSTAM & MORITZ LLP<br>bschladweiler@seitzross.com |
| Cricket Communications<br>Inc. | /s/ Karen Jacobs Louden (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| Hewlett-Packard<br>Company | /s/ Rex A. Donnelly, IV (#3492)<br>RATNERPRESTIA<br>radonnelly@ratnerprestia.com |
| HTC America Inc. | /s/ Karen Jacobs Louden (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| MetroPCS Wireless Inc. | /s/ Karen Jacobs Louden (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| Nokia Inc. | /s/ Elizabeth Rui He (#5345)<br>RICHARDS, LAYTON & FINGER, P.A.<br>he@rlf.com |
| Pantech Wireless Inc. | /s/ Mary B. Matterer (#2696)<br>MORRIS JAMES LLP<br>mmaterer@morrisjames.com |
| Sony Ericsson Mobile<br>Communications | /s/ Mary B. Graham (#2256)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>mgraham@mnat.com |

| | |
|---|---|
| T-Mobile USA Inc. | */s/ Karen Jacobs Louden* (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| Tracfone Wireless Inc. | */s/ Karen Jacobs Louden* (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| United States Cellular Corporation | */s/ Steven J. Fineman* (#4025)<br>RICHARDS, LAYTON & FINGER, P.A.<br>fineman@rlf.com |
| ZTE (USA) Inc. | */s/ Steven J. Balick* (#2114)<br>ASHBY & GEDDES<br>sbalick@ashby-geddes.com |

| **Counsel for the 11-830 Defendants** | |
|---|---|
| Alcatel-Lucent USA Inc. | */s/ John W. Shaw* (#3362)<br>SHAW KELLER LLP<br>jshaw@shawkeller.com |
| Audiocodes Inc. | */s/ Aleine Porterfield* (#5053)<br>DLA PIPER LLP<br>aleine.porterfield@dlapiper.com |
| Siemens Enterprise Communications, Inc. | */s/ Sean T. O'Kelly* (#4349)<br>O'KELLY ERNST & BIELLI, LLC<br>sokelly@oebwlegal.com |
| Toshiba America Information Systems, Inc. | */s/ Robert W. Mallard* (#4279)<br>DORSEY & WHITNEY LLP<br>mallard.robert@dorsey.com |

| **Counsel for the 11-833 Defendants** | |
|---|---|
| Best Buy Purchasing, LLC | */s/ Anne S. Gaza* (#4093)<br>RICHARDS, LAYTON & FINGER, P.A.<br>gaza@rlf.com |
| Denon Electronics (USA), LLC | */s/ Whitney W. Deeney* (#5155)<br>SAUL EWING LLP<br>WDeeney@saul.com |

| | |
|---|---|
| Memorex Products Inc. | */s/ Kevin G. Collins* (#5149)<br>BARNES & THORNBURG LLP<br>kevin.collins@btlaw.com |
| Pioneer Electronics (USA) Inc. | */s/ Karen Jacobs Louden* (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| Toshiba America Information Systems, Inc. | */s/ Robert W. Mallard* (#4279)<br>DORSEY & WHITNEY LLP<br>mallard.robert@dorsey.com |
| Vizio, Inc. | */s/ Pilar G. Kraman* (#5199)<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>pkraman@ycst.com |

| Counsel for the 11-834 Defendants | |
|---|---|
| Amazon.com., Inc. | */s/ Richard L. Horwitz* (#2246)<br>POTTER, ANDERSON & CORROON LLP<br>rhorwitz@potteranderson.com |
| Barnes & Noble Inc. | */s/ Phil Rovner (#3215)*<br>POTTER, ANDERSON & CORROON LLP<br>provner@potteranderson.com |
| DHL Express (USA) Inc. | */s/ Eve H. Ormerod* (#5369)<br>GREENBURG TRAURIG LLP<br>ormerode@gtlaw.com |
| Equinox Payments LLC | */s/ Rex A. Donnelly* (#3492)<br>RATNERPRESTIA<br>radonnelly@ratnerprestia.com |
| Federal Express Corporation | */s/ Steven J. Balick* (#2114)<br>ASHBY & GEDDES<br>sbalick@ashby-geddes.com |
| Hypercom Corp. | */s/ Karen Jacobs Louden* (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |

| | |
|---|---|
| Ingenico Corp. | */s/ Karen Jacobs Louden* (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| Motorola Solutions Inc. | */s/ Karen Jacobs Louden* (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| Nintendo of America Inc. | */s/ David E. Moore* (#3983)<br>POTTER, ANDERSON & CORROON LLP<br>dmoore@potteranderson.com |
| United Parcels Service Inc. | */s/ Karen Jacobs Louden* (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |
| Verifone Systems Inc. | */s/ Karen Jacobs Louden* (#2881)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>klouden@mnat.com |